**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:     August 28, 2018
Date Submitted:  July 30, 2018

Philip Delgrosso
25927-045
Federal Correctional Complex
PO Box 5000
Yazoo City, MS 39194

RE:   *Philip Delgrosso v. United States of America, et al.*
      Civil Action No. 2018-0638-PWG

Dear Mr. Delgrosso:

You have petitioned this Court for equitable relief, naming the United States of America as principal defendant, and three additional defendants, Timothy Garrison ("Garrison"), Randall Eggert ("Eggert"), and Gary Milligan ("Milligan"), whom it appears were Assistant United States Attorneys at the time of your conviction of criminal charges in the United States District Court for the Western District of Missouri. You seek an injunction from the Court of Chancery for the closure of the criminal cases against you, the immediate release of "surety Philip Delgrosso," and the discharge of all case-related public debts and bonds against you, because of the defendants' fraud, concealment and theft of trust property.

You assert that, since the defendants failed to rebut the notices you sent them, you are owed liquidated damages, in the amount of $500,000,000 by each of them for their actions, and that they should self-surrender to the United States Marshals Service and "decree the 'arrest' of their respective oaths and bonds."[1]

Further, you seek approval to proceed *in forma pauperis* in this matter. I recommend that the Court deny your request to proceed *in forma pauperis* and, in the interest of efficiency, also dismiss your petition as legally frivolous for lack of subject matter jurisdiction. This is a final report.

## I. Background

Your petition alleges that you are not a citizen of the United States of America and not subject to its laws because you are a "private, natural, *sui juris* freeman on-the-land," and that the defendants caused your mistaken belief that your private natural name was the same as the public, corporate one, which resulted in your "unlawful incarceration." You assert that the defendants committed concealment, fraud and theft of trust property. As to concealment and fraud, you claim that the "government corporation" had no standing to charge you, the charges of the indictments were not certified, and no concrete evidence was presented.[2] For theft of trust property, you allege the defendants failed, after

---

[1] Pet. in Equity, Ex. 7, at 15; ¶ 21.

[2] *Id.*, Ex. 7, at 5, 7.

notice, to remove you as trustee for "U.S. Treasury trust accounts, birth certificate trust accounts, social security trust accounts, trusts created for the [criminal cases]" when you are merely a third party intervenor for the artificial entity Philip Delgrosso.[3]   Further, you claim the principal defendant, the United States of America, "may be found doing business in Delaware and in the jurisdiction of [the Court of Chancery]," and that Garrison, Eggert and Milligan are agents of the principal defendant and are liable for their actions, "even though they are non-residents of Delaware."[4]   All of the actions related to this matter appear to have occurred in the State of Missouri.[5]

## II.   Analysis

I have reviewed your application to proceed *in forma pauperis*.  To proceed *in forma pauperis,* a litigant, who is an inmate, must provide a sworn affidavit addressing his ability to pay court costs or fees and a certification of his inmate account.[6]  Upon review of the information provided, a court may grant the inmate leave to proceed *in forma pauperis*.[7]  Your motion to proceed *in forma pauperis* provides information concerning your inmate account activity for the six-month

---

[3] *Id.*, Ex. 7, at 11-13.

[4] Pet. in Equity, ¶¶ 4, 5.

[5] *See generally United States v. Delgrosso*, 852 F.3d 821, 824-26 (8th Cir. 2017).

[6] 10 *Del. C.* § 8804.

[7] *Id.*

period preceding the filing of the petition attached to it, but the summary is not certified as 10 *Del. C.* § 8804(a) requires.[8] Given the strict statutory requirements of § 8804(a), it is my recommendation that the Court deny the motion to proceed *in forma pauperis.*[9]

In the interest of efficiency, I will also consider whether the petition is factually frivolous, malicious or legally frivolous.[10] I recommend that the Court find the petition should be dismissed as legally frivolous for lack of subject matter jurisdiction. Delaware's *in forma pauperis* statute defines a legally frivolous complaint as one that is "based on an indisputably meritless legal theory."[11] The Court of Chancery is a Delaware state court of limited jurisdiction. It has subject matter jurisdiction over a case in three ways: (1) the plaintiff asserts an equitable claim; (2) the plaintiff requests equitable relief for which there is no adequate

---

[8] The account summary appears to be a printed copy obtained through an online inmate inquiry.

[9] *Cf. State v. Buchanan*, 2012 WL 4150060, at *1 (Del. Super. Aug. 27, 2012); *Eley v. Kearney*, 2001 WL 1628881, at *1 (Del. Super. Sept. 4, 2001), *aff'd*, 794 A.2d 600 (Del. 2002); *Johnson v. Howard*, 1999 WL 743902, at *2 (Del. Super. Aug. 12, 1999).

[10] 10 *Del. C.* § 8803(b). The analysis of whether a complaint is frivolous typically occurs after a court grants an inmate's motion to proceed *in forma pauperis* but, in this instance, it would be inefficient to require that the petition be refiled with the correct information only to be dismissed as legally frivolous for lack of subject matter jurisdiction.

[11] 10 *Del. C.* § 8801(7); *McCoy v. Taylor*, 1998 WL 842322, at *2 (Del. Ch. Nov. 12, 1998).

remedy at law; or (3) subject matter jurisdiction is conferred by statute.[12] When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed.[13] Because subject matter jurisdiction is non-waivable, a court has an "independent obligation to satisfy themselves of jurisdiction if it is in doubt."[14]

Here, it does not appear from your petition that any of the alleged acts of which you complain occurred in Delaware. Your claims of fraud, concealment and theft of trust property, pertain to actions you allege were taken by the United States of America and its agents, Garrison, Eggert and Milligan, related to your conviction in the United States District Court in the Western District of Missouri. Your petition does not show that your claims against the federal government and its agents have any connection to, or activities in, Delaware. In fact, it specifically acknowledges that Garrison, Eggert and Milligan are non-residents of Delaware. And the relief you request – injunctive relief closing the criminal cases, and extinguishing all case-related public debts and bonds, against you, your immediate

---

[12] *Cf. Envo, Inc. v. Walters*, 2009 WL 5173807, at *4 (Del. Ch. Dec. 30, 2009), *aff'd*, 2013 WL 1283533 (Del. Mar. 28, 2013).

[13] Ct. Ch. R. 12(h)(3); *see also Baier v. Upper New York Inv. Co. LLC,* 2018 WL 1791996, at *5 (Del. Ch. Apr. 16, 2018).

[14] *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007).

release from incarceration, and the self-surrender of the defendants – is not available through this Court.

None of your claims demonstrate a connection to Delaware or a Delaware entity, or request relief that this Court can grant. This Court has addressed similar issues previously and dismissed the complaints for lack of subject matter jurisdiction.[15] I find this Court lacks the authority to grant the relief you request, and recommend that the Court dismiss this petition as legally frivolous for lack of subject matter jurisdiction.

## III.   Conclusion

For the foregoing reasons, I recommend the Court deny your motion to proceed *in forma pauperis* and, in the interest of efficiency, also dismiss the petition as legally frivolous for lack of subject matter jurisdiction. This is a final report and I refer you to Court of Chancery Rule 144 for the process of taking exception to a Master's final report.

Sincerely,

/s/  *Patricia W. Griffin*
Master in Chancery

---

[15] *Cf. Michael-destry Williams © Tr. v. United States*, 2018 WL 2050363, at *2 (Del. Ch. Apr. 30, 2018); *Critchfield v. Rios*, 2016 WL 2755881, at *2-*3 (Del. Ch. May 9, 2016); *IMO Bechard*, 2016 WL 1169097, at *1 (Del. Ch. Mar. 17, 2016); *Bechard v. Rios*, 2016 WL 402471, at *1-*2 (Del. Ch. Feb. 2, 2016).